[No. 51279-0-I.   Division One.   May 24, 2004.]

THE STATE OF WASHINGTON, *Petitioner*, v. ARMOND HAYDEL, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Randi J. Austell, Deputy,* for petitioner.

*W. Kirkland Taylor* (of *Taylor & Associates*), for respondent.

Cox, C.J. — A court must allow a defendant to withdraw a guilty plea when it appears that withdrawal is necessary to correct a manifest injustice—an injustice that is obvious, directly observable, overt, and not obscure.[1] The validity of such a plea depends on whether it is knowingly, intelligently, and voluntarily made—a determination made on the basis of the totality of the circumstances.[2] Here, the trial court decided sua sponte that the absence of any reference in the statement of defendant on plea of guilty or in colloquy at the time of the taking of the plea to the State's burden to disprove self-defense made the plea invalid. But the absence of any evidence in the record of self-defense prior to or at the time of the taking of the plea made any reference to the State's burden to disprove self-defense unnecessary. Lastly, Haydel's arguments, both in opposition to discretionary review and to support the withdrawal of the plea

---

[1] *State v. Branch,* 129 Wn.2d 635, 641, 919 P.2d 1228 (1996).

[2] *Branch,* 129 Wn.2d at 642.

based on alleged ineffective assistance of counsel, are not meritorious. We reverse.

Early in the morning of May 20, 2001, John Puletasi was at home when he heard loud music coming from a car in the parking lot below his apartment. Puletasi went outside and found a man, later identified as Haydel, in the car listening to loud music. Puletasi asked Haydel to turn down the music, but Haydel refused.

Puletasi then went downstairs to talk with Haydel. Haydel exited the car and grabbed Puletasi's shirt. The two men exchanged blows. Following this exchange, Puletasi realized that Haydel had stabbed him multiple times. Haydel then fled in his car. A witness saw Haydel's car and recalled its description and a partial license plate number, which she later provided to authorities.

Puletasi reached Harborview Hospital where he learned Haydel had stabbed him eight times in the chest, arm, and back. He remained there for five days to recover from his wounds.

After tracing the car to Haydel, the State charged him with one count of first degree assault with a deadly weapon. At his omnibus hearing in February 2002, the court entered an order stating that self-defense was the general nature of Haydel's defense. The record before us is silent on the evidentiary basis, if any, of this allegation.

In April 2002, Haydel entered an *Alford*[3] plea to a second amended information charging him with one count of attempted first degree assault. The State had dropped the deadly weapon allegation.

In June 2002, Haydel moved to withdraw his guilty plea, claiming it was not knowingly and intelligently made. He requested an evidentiary hearing. The judge who took the plea denied the motion without prejudice based on the insufficiency of the motion to establish the need for an evidentiary hearing.

---

[3] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) (Washington adopted the *Alford* holding in *State v. Newton*, 87 Wn.2d 363, 552 P.2d 682 (1976)).

In August 2002, Haydel again moved to withdraw his guilty plea, alleging ineffective assistance of counsel. Following an evidentiary hearing in October 2002, another judge found that defense counsel was not ineffective. But, sua sponte, that judge decided that the plea was not "knowing" as a matter of law because neither the plea form nor colloquy before the judge taking the plea addressed self-defense. The trial judge further held that "self-defense is an element of assault that must be disproved beyond a reasonable doubt by the State." The court also concluded Haydel's subjective knowledge of the State's burden of proof on the element of self-defense was irrelevant. Consequently, the court granted the motion to withdraw the plea and denied the State's motion for reconsideration.

This court granted the State's motion for discretionary review.

## DISCRETIONARY REVIEW

Haydel argues that this court erroneously granted discretionary review to the State. We disagree.

■ Allowing discretionary review fulfills the purpose of RAP 2.3(b)(2). A decision of the superior court that is probably erroneous may be subject to discretionary review under RAP 2.3 which allows for discretionary review when the superior court has

> committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act.[4]

As we discuss more thoroughly later in this opinion, the trial court committed probable error. As of the time of the taking of the plea, Haydel had presented no evidence of self-defense. No case holds that either the statement of defendant on plea of guilty or colloquy must cover self-defense when there is no evidence of self-defense.

---

[4] RAP 2.3(b)(2).

Moreover, discretionary review is proper because the trial court's ruling altered the status quo. The trial court's ruling means that Haydel must go to trial. If he is convicted, the issues regarding the guilty plea would be moot. If he is acquitted, double jeopardy would bar reinstatement of his guilty plea.[5]

For these reasons, the State met the criteria of RAP 2.3(b)(2).

## WITHDRAWING GUILTY PLEA

The State argues that Haydel's plea was knowing, and the court below abused its discretion by allowing it to be withdrawn. The State first argues that a court need not advise a defendant with respect to self-defense to a charge if there is no evidence to support such a defense. Second, it argues that in any event, Haydel's counsel informed him of the State's burden to disprove self-defense beyond a reasonable doubt before the court took the plea. We agree with both arguments.

■■■■ A plea may be withdrawn if the defendant does not actually know the consequence of his plea.[6] Before pleading guilty a defendant should be made aware of possible defenses, at least where the defendant makes known facts that might form the basis of such defenses.[7] A claim of self-defense, however, is available only if the defendant first offers credible evidence tending to prove that theory or defense.[8]

---

[5] Double jeopardy occurs when a defendant receives multiple punishments for the same offense. *State v. Hardesty*, 129 Wn.2d 303, 309, 915 P.2d 1080 (1996).

[6] *See, e.g., United States v. Frye*, 738 F.2d 196, 199 (7th Cir. 1984) (remanded for evidentiary hearing because defendant did not admit intent to steal—an essential element of the federal bank larceny statute); *State v. Ross*, 129 Wn.2d 279, 287-88, 916 P.2d 405 (1996) (defendant's lack of knowledge regarding imposition of community placement rendered guilty plea involuntary).

[7] *Frye*, 738 F.2d at 199.

[8] *State v. Dyson*, 90 Wn. App. 433, 438, 952 P.2d 1097 (1997); *State v. Janes*, 121 Wn.2d 220, 237, 850 P.2d 495 (1993) (defendant bears initial burden of producing some evidence).

In *In re Personal Restraint of Montoya*,[9] a defendant challenged his personal restraint petition attacking the validity of his guilty plea to first degree manslaughter.[10] He contended that he was not adequately apprised of the nature of the charge because he was never informed of the burden of proof on the issue of self-defense.[11]

Our Supreme Court concluded that evidence in police reports did not support Montoya's claim of self-defense, and he was not allowed to withdraw his guilty plea.

■ Here, there was no evidence of self-defense as of the time of the taking of the plea. The statement in the omnibus order regarding the general nature of Haydel's defense is not evidence. Furthermore, Haydel pleaded to "real facts" in his *Alford* plea that authorized the plea court to determine a factual basis strictly from the certificate of probable cause, the prosecutor's summary, and a handwritten addition that added the prosecutor's supplemental summary as a basis for the plea. Nothing in those documents is evidence of self-defense.

Because Haydel presented no evidence of self-defense, the State had no obligation to inform Haydel of its burden of proof on his purely hypothetical claim at the time of the taking of the plea.

■■ In any event, the record shows that Haydel knew of the State's burden when the court took his plea. In determining whether a defendant is aware of the nature of the charge, the courts usually consider what defense counsel has told defendants, but does not require that counsel describe every element of the offense.[12]

Evidence that Haydel's plea was knowing comes from evidence presented during the hearing to reconsider the order withdrawing Haydel's plea. At the hearing, the

---

[9] 109 Wn.2d 270, 744 P.2d 340 (1987).

[10] *Montoya*, 109 Wn.2d at 279.

[11] *Montoya*, 109 Wn.2d at 279.

[12] *In re Pers. Restraint of Keene*, 95 Wn.2d 203, 207, 622 P.2d 360 (1980) (citing *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976)).

deputy prosecutor made an offer of proof that Haydel's former counsel, John Hicks, told Haydel about the State's burden of proof. The judge allowed the State to file a supplemental affidavit from Hicks. That affidavit stated that before the motion to plead guilty and "contrary to . . . the position of Mr. Haydel, he was properly informed of the State's burden of proof" and "the State would have to disprove self-defense beyond a reasonable doubt, and what evidence the State had that would make that possible." Hicks stated he read and reviewed the jury instructions on self-defense that included the State's burden with Haydel, Haydel's father, and a family friend.

The court gave no indication that it did not believe the testimony of Hicks. Rather, it concluded that Haydel's subjective knowledge of the State's burden was irrelevant. We disagree and hold that this evidence supports the conclusion that Haydel's rights were fully protected in this case. His plea was knowing and valid.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Haydel also contends that he received ineffective assistance of counsel that resulted in his not knowingly entering his plea because his attorneys told him he was eligible for a downward departure at sentencing that could result in a 12-month sentence. Haydel also claims being advised that he could receive such a short sentence "was so unlikely or not feasible as to amount to misrepresentation or ineffective assistance of counsel. . . ." We are not persuaded by either argument.

To succeed on an ineffectiveness claim, a defendant must establish that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, the results of the proceeding would have been different.[13] "In a plea bargaining context, 'effective assistance of counsel' merely requires that counsel

---

[13] *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

'actually and substantially [assist] his client in deciding whether to plead guilty.' "[14]

The trial court concluded that there was no ineffective assistance of counsel. The trial court stated "the defendant may possibly have been confused about whether a plea of guilty was a necessary predicate for qualifying for an exceptional sentence." The court further indicated Haydel may also have not understood that "[e]ven if he proceeded to trial and was convicted, he could still have been statutorily eligible to move for an exceptional sentence."

Nevertheless, the trial judge concluded that Hicks did not provide ineffective assistance of counsel because his performance was not deficient. We agree with that assessment. Accordingly, Haydel has failed in his burden to establish this claim.

*Haydel's Claim of Psychological Abandonment by Counsel*

Haydel finally argues his plea was not voluntary due to "psychological abandonment" by his attorney. We disagree.

█ "The absence of a finding of fact in favor of the party with the burden of proof about a disputed issue is the equivalent of a finding against that party on that issue."[15] If no finding is entered as to a material issue, it is deemed to have been found against the party having the burden of proof.[16]

The court never made any findings or conclusions of law regarding "psychological abandonment." We need not further address this argument.

---

[14] *State v. Osborne*, 102 Wn.2d 87, 99, 684 P.2d 683 (1984) (quoting *State v. Cameron*, 30 Wn. App. 229, 232, 633 P.2d 901 (1981)).

[15] *Wallace Real Estate Inv., Inc. v. Groves*, 72 Wn. App. 759, 773 n.9, 868 P.2d 149 (1994) (citations omitted).

[16] *Omni Group, Inc. v. Seattle-First Nat'l Bank*, 32 Wn. App. 22, 28, 645 P.2d 727, *review denied*, 97 Wn.2d 1036 (1982).

374

We reverse the trial court's order granting withdrawal of Haydel's guilty plea.

APPELWICK and SCHINDLER, JJ., concur.

Reconsideration denied July 12, 2004.

Review denied at 153 Wn.2d 1015 (2005).