IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 80453-7-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| RODNEY LEWIS BONNIFIELD, | UNPUBLISHED OPINION |
| Appellant. | |

CHUN, J. — Rodney Bonnifield pleaded guilty to second degree assault with a deadly weapon enhancement. He then moved to withdraw the plea, claiming confusion about the enhancement. The trial court denied the motion. We affirm.

## I. BACKGROUND

In 2016, Skagit County Sheriff's deputies responded to a call about a stabbing. Clifford Rich reported that Bonnifield had been drinking, threatened to kill him, and stabbed him in the back. The deputies found Bonnifield inside Rich's residence. Bonnifield appeared intoxicated and had blood on his clothing.

The State charged Bonnifield with one count of first degree assault. The morning of the first day of trial, the State filed an amended information, adding a deadly weapon enhancement. During the lunch break that day, Bonnifield

Citations and pin cites are based on the Westlaw online version of the cited material.

agreed to enter an Alford plea[1] of guilty to second degree assault with an exceptional sentence of 29 months with an added 12 months for the deadly weapon enhancement, for a total for 41 months. The State then filed a second amended information to that effect.

After the lunch break, the trial court conducted a plea colloquy. The trial court asked Bonnifield whether he had a "chance to read through this [plea statement] and/or go through it with [counsel]." Bonnifield replied that he had.

The court asked whether Bonnifield had any questions; he responded "[w]ell, I really have trouble with the enhancement charge. I am pleading guilty on—oh, I see. I don't understand that charge, sir." The court responded that it would "go through" parts of the document with Bonnifield to "make sure" both he and the court understood "what is being proposed." The court explained that the standard range of confinement was 13–17 months and that the enhancement added 12 months. The court asked Bonnifield if he understood the sentencing terms. He responded, "Yes, I do." The court then asked Bonnifield if entering the plea was his own free and voluntary choice, and Bonnifield replied, "Yes."

The court asked Bonnifield whether he had any questions before entering his plea. He said, "The only question I got is that apparently it scared me on the weapons enhancement charge. It scared the heck out of me." Bonnifield's defense counsel explained, "I did have a chance to talk to Mr. Bonnifield about that. Sometimes people see an enhancement, whatever the enhancement is, as being a separate charge. It can cause a little confusion sometimes." The court

---

[1] North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

responded, "Right, right. Any other questions other than that?" and Bonnifield said no. Bonnifield then entered an Alford plea to second degree assault with a deadly weapon enhancement.

At sentencing, Bonnifield's defense counsel informed the court that Bonnifield wanted to withdraw his plea and consult a new lawyer. The court postponed sentencing and Bonnifield obtained new counsel. The new lawyer moved to withdraw Bonnifield's plea. Bonnifield said that he did not understand the deadly weapons enhancement and that his plea was thus involuntary.

After reviewing the briefing and the record, the trial court denied the motion to withdraw. The court sentenced Bonnifield to the agreed-upon 41 months. Bonnifield appeals.

## II. ANALYSIS

Bonnifield says that the trial court erred in denying his motion to withdraw his plea because it was involuntary.[2] He says the addition of the deadly weapons enhancement confused him, which rendered his plea involuntary. We conclude that the trial court acted within its discretion.

We review a "trial court's order on a motion to withdraw a guilty plea" for abuse of discretion. State v. Lamb, 175 Wn.2d 121, 127, 285 P.3d 27 (2012). A trial court abuses its discretion if its decision "is manifestly unreasonable or based upon untenable grounds or reasons." Id. (quoting State v. Powell, 126 Wn.2d 244, 258, 893 P.2d 615 (1995)).

---

[2] While Bonnifield's assignments of error state only that his plea was not "knowingly made," his argument centers on the assertion that his plea was not voluntary. Thus, we address voluntariness.

A trial "court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea." CrR 4.2(d); see also State v. Gregg, 196 Wn.2d 473, 483, 474 P.3d 539 (2020) ("A plea must be knowing, voluntary, and intelligent to be valid."). For a plea to be voluntary, the defendant must be informed of consequences that have a definite and immediate effect on the sentencing range. Id. Whether a plea was voluntarily made is "a determination made on the basis of the totality of the circumstances." State v. Haydel, 122 Wn. App. 365, 367, 95 P.3d 760 (2004).

CrR 4.2(f) states that a trial court "shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice." A manifest injustice is one "that is obvious, directly observable, overt, [and] not obscure." In re Pers. Restraint of Clements, 125 Wn. App. 634, 640, 106 P.3d 244 (2005) (quoting State v. Branch, 129 Wn.2d 635, 641, 919 P.2d 1228 (1996)). "An involuntary plea constitutes a manifest injustice." In re Pers. Restraint of Stockwell, 179 Wn.2d 588, 595, 316 P.3d 1007 (2014). The defendant bears the burden of establishing that manifest injustice requires a withdrawal of the plea. State v. Nguyen, 179 Wn. App. 271, 282–83, 319 P.3d 53 (2013).

Bonnifield did not bear his burden of establishing manifest injustice. During the colloquy, he stated that he understood the sentencing structure including the 12 months added by the deadly weapon enhancement. Both the plea agreement and the second amended information included the deadly

4

weapon enhancement, and the plea agreement noted that the enhancement added 12 months making the total sentence 41 months. See In re Pers. Restraint of Isadore, 151 Wn.2d 294, 302, 88 P.3d 390 (2004) (holding that the defendant's plea was not voluntary because the defendant was misinformed about community placement and it was not indicated on the plea form). Bonnifield agreed that he had a chance to read through the plea agreement and go through it with his attorney. Bonnifield did say that he did not understand the "enhancement charge" and that it scared him. But his defense counsel explained that this was based on a misconception that the enhancement was an additional charge. After counsel so explained, the trial court asked if Bonnifield had any other questions and he said no. Bonnifield did not indicate that he was still confused by the enhancement. And at no point did he say that he was confused about the direct consequences of the enhancement—namely that it added 12 months to his sentence. He indicated only momentary confusion about the nature of the enhancement. Finally, the trial court asked if Bonnifield's plea was voluntary and he responded that it was. Based on the totality of the circumstances, the trial court did not act untenably or unreasonably in denying Bonnifield's motion to withdraw. See State v. Curtis, noted at 13 Wn. App. 1098, 2020 WL 3268124 at *3, review denied, 196 Wn.2d 1021, 474 P.3d 1049 (2020) (finding voluntariness when the plea agreement included the relevant sentencing information, the State confirmed that the defendant had gone over the plea agreement with counsel, and the defendant stated that he understood the sentencing structure); see GR 14.1 ("Washington appellate courts should not,

unless necessary for a reasoned decision, cite or discuss unpublished opinions in their opinions.").

We affirm.

_____
Chun, J.

WE CONCUR:

_____        _____
Coburn, J.                                             Smith, J.