# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint of<br><br>ERROL ROBERT COMENOUT,<br><br>                        Petitioner. | No.  54050-9-II<br><br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, J.  —  Errol Comenout seeks relief from personal restraint imposed as a result of his 2018 plea of guilty to two counts of first degree robbery, two counts of second degree assault, one count of attempting to elude a pursuing police vehicle, and one count of attempted first degree robbery.[1]  He seeks to withdraw his plea, asserting that (1) he felt coerced by his trial counsel into pleading guilty, (2) he had "an imbalance of brain chemistry" at the time he pleaded guilty (PRP at 3), (3) his counsel provided ineffective assistance by not obtaining a psychological evaluation of his post-traumatic stress disorder (PTSD), and (4) he was coerced into signing a court document while under the effects of sedation following surgery.

---

[1] Comenout filed a motion to withdraw his plea in the trial court.  That court transferred his motion to us under CrR 7.8(c) to be considered as a personal restraint petition (PRP).

"'[T]he court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice.'" *State v. Quy Dinh Nguyen*, 179 Wn. App. 271, 282, 319 P.3d 53 (2013) (quoting CrR 4.2(f)). "Withdrawal may be necessary to correct a manifest injustice where the defendant establishes (1) he or she received ineffective assistance of counsel; (2) the plea was not ratified by the defendant or one authorized by him or her to do so; (3) the plea was involuntary; or (4) the plea agreement was not kept by the prosecution." *Id*. "The defendant generally bears the burden of establishing the necessity for withdrawing the plea." *Id.* at 282-83.

Comenout makes no such showing that withdrawal of his plea of guilty is necessary to correct a manifest injustice. His claim of his plea being coerced or involuntary is contradicted by his statement of defendant on plea of guilty, in which he stated,

8. I make this plea freely and voluntarily.
9. No one has threatened harm of any kind to me or to any other person to cause me to make this plea.
10. No person has made promises of any kind to cause me to enter this plea except as set forth in this statement.

Resp. to PRP, App. A at 28.

Comenout does not present any evidence of an imbalance in brain chemistry at the time he entered his plea. And although he asserts he received ineffective assistance of counsel, he does not show that his counsel's advice regarding pleading guilty fell below an objective standard of reasonableness or that as a result of that deficient performance, the result of his case probably would have been different. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This court presumes strongly that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17,

No. 54050-9-II

42, 246 P.3d 1260 (2011). Comenout does not produce evidence that he suffered from PTSD, such that his counsel reasonably should have obtained a psychological evaluation, and so does not show that he received ineffective assistance of counsel.

Finally, as to his claim of being coerced into signing a document while under the effects of sedation, the record indicates that he was in court on a motion to continue the trial, which the trial court decided to "continue this matter to a date when the Defendant will not have medical concerns." Resp. to PRP, App. A at 36. He does not show he was coerced into signing any substantive document.

Comenout does not meet his burden of showing that withdrawal of his plea of guilty is necessary to correct a manifest injustice and so does not show that he is entitled to relief from restraint. We therefore deny his petition and his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

WORSWICK, J.

We concur:

MAXA, C.J.

GLASGOW, J.

3