# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint of<br><br>PHILIP JAMES BREWER,<br><br><br>                     Petitioner. | No.  54190-4-II<br><br><br><br>UNPUBLISHED OPINION |

LEE, A.C.J. -- Philip Brewer seeks relief from personal restraint imposed as a result of his 2018 plea of guilty to a felony violation of a domestic violence no-contact order for which he received a Drug Offender Sentencing Alternative (former RCW 9.94A.660 (2016)) sentence.[1]  He seeks to withdraw his plea, asserting that his counsel provided ineffective assistance by not submitting witness statements that would have proved his innocence and that there was newly discovered evidence.

---

[1] Brewer filed a motion to withdraw his plea in the trial court.  That court transferred his motion to us under CrR 7.8(c) to be considered as a personal restraint petition.

"'[T]he court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice.'" *State v. Quy Dinh Nguyen*, 179 Wn. App. 271, 282, 319 P.3d 53 (2013) (quoting CrR 4.2(f)). "Withdrawal may be necessary to correct a manifest injustice where the defendant establishes (1) he or she received ineffective assistance of counsel; (2) the plea was not ratified by the defendant or one authorized by him or her to do so; (3) the plea was involuntary; or (4) the plea agreement was not kept by the prosecution." *Id.* "The defendant generally bears the burden of establishing the necessity for withdrawing the plea." *Id.* at 282-83.

Brewer makes no such showing that withdrawal of his plea of guilty is necessary to correct a manifest injustice. While he states there is evidence that he believes would prove his innocence, he does not show that that evidence was discovered after his plea. And while he asserts he received ineffective assistance of counsel, he does not show that his counsel's advice regarding pleading guilty fell below an objective standard of reasonableness or that as a result of that deficient performance, the result of his case probably would have been different. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This court presumes strongly that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011). Brewer does not show that he received ineffective assistance of counsel.

No. 54190-4-II

Brewer does not meet his burden of showing that his plea of guilty results in a manifest injustice and so does not show that he is entitled to relief from restraint. We, therefore, deny his petition and his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, A.C.J.
LEE, A.C.J.

We concur:

_____
MELNICK, J.

_____
GLASGOW, J.