

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36392-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JUAN MANUEL FLORES-ARROYO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Juan Flores-Arroyo appeals the denial of his motion to withdraw his guilty plea. He argues that he received ineffective assistance of counsel and that the court erred in excluding evidence offered to attack his plea counsel's credibility. We affirm.

FACTS

Mr. Flores-Arroyo came to the United States on a tourist visa in 2013 and overstayed the visa limit. In 2017, he was charged in Chelan County with drive-by shooting, possession of methamphetamine, and alien in possession of a firearm. Mr. Flores-Arroyo's family hired George Trejo to represent Mr. Flores-Arroyo. Mr. Trejo negotiated an agreement for Flores-Arroyo to plead guilty solely to drive-by shooting with a low end sentence recommendation. Mr. Trejo advised Mr. Flores-Arroyo that

immigration consequences were possible and that he likely would be deported if federal authorities commenced immigration proceedings. Mr. Flores-Arroyo acknowledged on the record that he could face immigration consequences from his plea. The court accepted the plea after verifying that it was knowingly and voluntarily entered.

Immigration authorities commenced deportation proceedings after Mr. Flores-Arroyo completed his sentence. An immigration judge determined that the drive-by shooting constituted a "particularly serious crime" for immigration purposes and ordered his deportation. Mr. Flores-Arroyo appealed the immigration decision.

While that appeal was underway, Mr. Flores-Arroyo also filed a CrR 7.8 motion to withdraw his guilty plea in Chelan County Superior Court. He argued that he received ineffective assistance of plea counsel because his attorney failed to adequately advise him about immigration consequences. He also asserted that he would have accepted a longer prison time in order to avoid deportation. The court conducted a hearing on the motion. Mr. Flores-Arroyo sought to call a past client of Mr. Trejo to testify that he had received incorrect immigration advice. The trial court found the testimony irrelevant to whether Mr. Flores-Arroyo received proper advice. The court also disallowed evidence of counsel's bar discipline history.

The trial court denied the CrR 7.8 motion because it found Mr. Flores-Arroyo was adequately advised about immigration consequences before entering his plea. The court further noted that, of the three charges Mr. Flores-Arroyo faced, the drive-by shooting

2

charge carried the least certain immigration consequences. Mr. Trejo correctly advised his client that deportation was likely.

Mr. Flores-Arroyo timely appealed the trial court's denial of his motion. A panel considered his appeal without hearing argument.

ANALYSIS

The appeal presents two arguments. We first address whether the trial court erred in denying the motion to withdraw the guilty plea before turning to the contention that the court erred when it rejected impeachment evidence.

*Ineffective Assistance of Counsel*

We review the trial court's decision whether to allow withdrawal of a guilty plea for abuse of discretion. *State v. Quy Dinh Nguyen*, 179 Wn. App. 271, 281-282, 319 P.3d 53 (2013). The trial court may allow withdrawal of a guilty plea to correct a manifest injustice, including ineffective assistance of counsel. *Id*. at 282.

A defendant who claims ineffective assistance must establish that counsel's performance was deficient and prejudicial. *State v. Sandoval*, 171 Wn.2d 163, 170, 249 P.3d 1015 (2011). Prejudice is established if the defendant can demonstrate that, but for counsel's errors, there was a reasonable probability he would have gone to trial rather than plead guilty. *Id*. at 174-175.

3

Defense counsel must advise a client about the consequences of pleading guilty. *In re Ramos*, 181 Wn. App. 743, 749-750, 326 P.3d 826 (2014). Counsel must provide accurate information about potential immigration ramifications, even though the relevant law is often unclear. *Id*. at 750-751. Subsequent to *Padilla v. Kentucky*[1], counsel must appropriately advise a client when federal law classifies the defendant's offense as clearly deportable. *Id*. at 751. If immigration consequences for the offense are not clear, counsel must provide a general warning that immigration consequences are possible. *Id*. at 752. Contradictory or wavering warnings about deportation are disfavored because they decrease the likelihood that a defendant will appreciate the potential consequences. *State v. Manajares*, 197 Wn. App. 798, 807, 391 P.3d 530 (2017).

Both parties acknowledge Washington's drive-by shooting offense does not have clear federal deportation consequences, while possession of methamphetamine and alien in possession of a firearm have clear negative consequences. Mr. Trejo correctly informed Mr. Flores-Arroyo that he could face immigration consequences, including possible deportation, if he chose to plead guilty to drive-by shooting. This advice was accurate and sufficient for an offense with unclear immigration consequences. Had Mr. Flores-Arroyo pleaded guilty to his other two offenses or been convicted for these offenses, his immigration consequences were likely far worse. While Mr. Flores-Arroyo

---

[1] *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010).

4

now argues he would prefer to go to trial, he does not argue that he had any likelihood of success at trial. Conviction for any of his charged offenses would still carry immigration consequences regardless of his sentence duration.

Mr. Trejo gave his client accurate and adequate advice prior to pleading guilty. Counsel was not ineffective for negotiating a relatively favorable deal under the circumstances. Mr. Flores-Arroyo has not met his heavy burden of establishing that counsel provided ineffective assistance. Accordingly, the trial court did not abuse its discretion by denying the motion to withdraw the plea.

*Impeachment Evidence*

This court reviews evidentiary rulings for abuse of discretion. *Peralta v. State*, 187 Wn.2d 888, 894, 389 P.3d 596 (2017). A trial court abuses its discretion when it applies the wrong legal standard. *Gilmore v. Jefferson County Pub. Transp. Benefit Area*, 190 Wn.2d 483, 499, 415 P.3d 212 (2018). Evidentiary errors are not presumptively prejudicial and we will only reverse when the appellant establishes the error affected the outcome. *State v. Barry*, 183 Wn.2d 297, 303, 313, 352 P.3d 161 (2015).

A witness may not be impeached on a collateral matter. *State v. Oswalt*, 62 Wn.2d 118, 120-121, 381 P.2d 617 (1963). "An issue is collateral if it is not admissible independently of the impeachment purpose." *State v. Fankhouser*, 133 Wn. App. 689, 693, 138 P.3d 140 (2006). Prior conduct normally is inadmissible to show that an

individual acted in a same manner on a given occasion. ER 404. A court may allow specific instances of conduct to be raised during cross-examination if the court considers the issue probative of truthfulness. ER 608(b). Extrinsic evidence may not be used to prove or disprove past conduct. *Id.* Even prior conduct related to credibility may not be admissible if not germane. *Harbottle v. Braun*, 10 Wn. App. 2d 374, 396, 447 P.3d 654 (2019).

Mr. Flores-Arroyo sought to use one of Trejo's past clients to suggest that Mr. Trejo gave that client incorrect immigration advice. This is a single past instance of conduct used to suggest Mr. Trejo acted in the same way with Mr. Flores-Arroyo. After hearing arguments from each side, the court reasonably concluded that this witness would only testify about issues unrelated to the advice given to Mr. Flores-Arroyo. The court properly followed evidentiary rules in concluding the testimony was irrelevant.

Mr. Flores-Arroyo also did not present any reason why the bar discipline history was relevant. In fact, it was ancient and involved unrelated circumstances. The only relevance was to challenge Mr. Trejo's character, not to show that he lied or acted improperly in this case. The trial court did not abuse its discretion when it disallowed questions about the discipline history.

The trial court did not abuse its discretion in its evidentiary rulings.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, A.C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Siddoway, J.