IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40672-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROBERT LEE ORTON, | ) | |
| | ) | |
| Appellant. | ) | |

HILL, J. — Paul Orton argues the sentencing court erred when it (1) accepted his guilty plea without asking him to declare his plea in open court, (2) declined to appoint him substitute counsel to argue his motion to withdraw his guilty plea, and (3) denied his motion to withdraw his guilty plea. We conclude no error occurred and affirm.

## BACKGROUND

The State charged Orton with four counts of first degree rape of a child and one count of first degree child molestation. Each charge carried a domestic violence designation. As part of a plea agreement, the State filed an amended information

amending Orton's four first degree rape of a child charges to four second degree rape of a

child charges with domestic violence designations, and converting his first degree child

molestation charge to a second degree child molestation with a domestic violence

designation.

*Plea Agreement*

In the statement of defendant on plea of guilty, Orton indicated he was entering

an *Alford* [1] plea. He agreed to plead guilty to four counts of second degree rape of a

child domestic violence and one count of second degree child molestation domestic

violence. Orton acknowledged that, in exchange for his guilty plea to those charges, the

State would recommend a sentence of 164.5 months to run concurrently with his

sentence in another case.

Orton signed at the bottom of the plea statement to indicate, in part, that:

> My [Orton's] lawyer has explained to me, and we have fully
> discussed, all of the above paragraphs and the "Offender
> Registration Attachment" and the "Felony Firearm Registration
> Attachment," if applicable, I understand them all. I have been
> given a copy of this "Statement of Defendant on Plea of Guilty."
> I have no further questions to ask the judge.

Clerk's Papers (CP) at 75.

Orton's attorney signed the document, attesting to having read and discussed the

statement of defendant on plea of guilty with Orton and to believing Orton to be

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

2

competent and to have fully understood the document's contents.

*Guilty Plea Hearing*

At the beginning of the guilty plea hearing, the court asked Orton whether he signed the statement of defendant on plea of guilty, whether defense counsel spoke with him about the document, whether defense counsel read the content of the document to him, and whether defense counsel answered all of Orton's questions. Orton replied to each of these questions in the affirmative. The following dialogue then ensued:

> THE COURT: Okay. Are you satisfied that you understand fully what your—what you're doing here?
> MR. ORTON: Yeah, it's either this or trial, so—
> . . . .
> THE COURT: Okay. And on the [19-1-00451-39] case, you're entering an Alford plea to Count 1, second degree rape of a child domestic violence; Count 3, second degree rape of a child domestic violence, Count 4, second degree rape of a child; Count 5, second degree child molestation domestic violence. Is that correct?
> MR. ORTON: Yes.
> THE COURT: Okay. And do you understand that by pleading guilty you give up the following constitutional rights: the right to a speedy and public trial by an impartial jury; the right to remain silent before and during trial; and the right to refuse to testify against yourself; the right at trial to hear and question the witnesses who testify against you; the right at trial to testify and to have witnesses testify for you; and these witnesses can be made to appear at no expense to you; and the right to be presumed innocent unless the State proves the charge beyond a reasonable doubt or you enter a plea of guilty and the right to appeal a finding of guilty after a trial.
> Do you understand that by going forward in both pleas[2] that you're giving up those rights?

[2] Orton entered pleas simultaneously for case numbers 19-1-00148-39 and 19-1-00451-39.

MR. ORTON: Yes.

Rep. of Proc. (RP) at 5-6.

The trial court accepted Orton's guilty plea, finding it to have been knowingly, intelligently, and voluntarily made. The court signed the statement of defendant on plea of guilty, attesting that Orton signed the agreement in open court, had previously read it with his attorney, and understood it in full. Further, the court found that Orton understood the charges and consequences of the plea, and that there was a factual basis. The court set sentencing for May 16, 2024.

On March 18, Orton wrote the court a short letter in which he argued that defense counsel lied to him and failed to follow up on the issues Orton had asked him to investigate. Orton attached his letter to a motion to withdraw his guilty plea.

*Sentencing Hearing*

The court permitted Orton to continue sentencing from May 16 to June 20, and again from June 20 to July 23. On July 23, the court granted Orton's request to continue sentencing for a third time, until August 13. The continuances were in part to allow defense counsel time to get a report from private investigator Erik Hildebrand regarding an investigation he conducted for Orton. In granting this final continuance, the court stated it was the last one that would be granted.

At the August 13 sentencing hearing, defense counsel informed the court of Orton's intent to file a motion to withdraw his guilty plea based on the issues raised in his

March 18 letter.  Orton spoke directly to the court and explained that Hildebrand's report would be relevant to his motion to withdraw his guilty plea because it would reveal "the fact that there's going to be lies on both sides of this entire case."  RP at 35.  Orton told the court his understanding was that Hildebrand was to conduct an independent investigation in which Hildebrand would speak with Orton's daughter who "lied throughout this entire process."  RP at 35-36.

Defense counsel relayed to the court that he could not argue Orton's motion as the basis of the motion was an attack against him. The following conversation between the court and defense counsel then occurred:

> THE COURT: No, and that would require the appointment of new counsel and heaven only knows when we're going to be able to do that.  The Department of Assigned Counsel has 250 people awaiting appointment of counsel.
> I guess, here's my concern.  1) we have a letter that Mr. Orton sent to the Court, but didn't bother to send to you, has never discussed with you.  We see somewhere that somebody ask Director Kelley to approve Erik Hildebrand to investigate something, but nobody has ever presented an order to the Court in that respect.  Were you even aware of that?
> [DEFENSE COUNSEL]: I was aware of the appointment, I mean of the authorization.
> THE COURT: Okay.  But no appointment was ever made.  And we're post-plea on it.
> I am going to deny the motion.  A motion—a formal motion has not been entered to with—to vacate the plea.  There's allegations made in this case, but those are matters that Mr. Orton can argue on appeal.
> [DEFENSE COUNSEL]: Your Honor, he's got his motion right here.  He's prepared to file them right now
> THE COURT: We'll file them now.  I'm going to deny them.
> [DEFENSE COUNSEL]: All right.

5

> THE COURT: Because of the lateness of the issue and this case has been pending for sentencing since March and here we are on August 13, five months later, and we're now having a motion filed to vacate the pleas.
>
> The Court finds that this is untimely and denies the request. So, [prosecuting attorney], do you have the proposed findings and judgment and sentence?

RP at 38-39. The court entered an order reflecting its decision to deny the motion and

proceeded with sentencing.

In explaining to Orton his sentence, the court addressed his motion to withdraw his

guilty plea:

> THE COURT: Now, I understand that you may have reconsidered that, but the Court finds that your attempt to file a motion to withdraw your plea today is nothing more than an attempt to further delay sentencing in this case. And I've inquired as to what evidence that you believe is the—is going to be shown by a private investigator looking into these matters, and frankly your interests are that you believe a private investigator will help to establish that the victims were lying in this case, despite the fact that you entered a plea of guilty admitting these offenses on March 8th, 2024.
>
> Further, you have offered nothing by way of facts to this Court which would suggest that your pleas of guilty entered on March 8, 2024 should be withdrawn. Now, I have ruled against that and I have denied your motion to withdraw your pleas. That issue is subject to appeal to the Court of Appeals. You can certainly argue that issue to a higher court. You cannot, at this point in time, argue the factual basis for the plea, because you admitted to those.

RP at 53.

ANALYSIS

*Guilty Pleas*

Although Orton signed and reviewed the statement of defendant on plea of guilty, he argues he did not actually plead guilty because the trial court never asked him to declare his plea in open court, as required by RCW 10.40.170. The State responds that the trial court properly sentenced Orton because, even though Orton did not explicitly state "I plead guilty" during his guilty plea hearing, the record establishes he pleaded guilty in open court. Br. of Resp't at 21. We conclude that Orton pleaded guilty to the crimes outlined in the statement of defendant on plea of guilty.

"A plea of guilty to a criminal offense is a confession of guilt whose result is equivalent to conviction." *State v. Schimmelpfennig*, 92 Wn.2d 95, 104, 594 P.2d 442 (1979). "The plea of guilty can only be put in by the defendant himself or herself in open court." RCW 10.40.170.

Under CrR 4.2(d),

> The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

"To be voluntary, a plea of guilty must be freely, unequivocally, intelligently and understandingly made in open court by the accused person with full knowledge of his legal and constitutional rights and of the consequences of his act." *Woods v. Rhay*, 68

7

Wn.2d 601, 605, 414 P.2d 601 (1966). "When a defendant fills out a written statement on plea of guilty in compliance with CrR 4.2(g) and acknowledges that he or she has read it and understands it and that its contents are true, the written statement provides prima facie verification of the plea's voluntariness." *State v. Perez*, 33 Wn. App. 258, 261, 654 P.2d 708 (1982). "A defendant's signature on a plea statement is strong evidence of a plea's voluntariness. A judge's on-record inquiry of a defendant who signs a plea agreement strengthens the inference of voluntariness." *In re Det. of Scott*, 150 Wn. App. 414, 427, 208 P.3d 1211 (2009).

"An *Alford/Newton* [3] plea allows a defendant to plead guilty in order to take advantage of a plea bargain even if he or she is unable or unwilling to admit guilt." *State v. Zhao*, 157 Wn.2d 188, 197-98, 137 P.3d 835 (2006). Even when a defendant does not admit guilt by entering an *Alford* plea, the court still must abide by CrR 4.2(d)'s requirement that it find the plea to have been "made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea." *Id.* at 198. The court must also find a factual basis for the crime or crimes to which the defendant pleaded guilty.

At the guilty plea hearing, the trial court asked Orton whether he signed the plea document, whether defense counsel spoke with him about the document, whether defense

---

[3] *State v. Newton*, 87 Wn.2d 363, 372, 552 P.2d 682 (1976).

counsel read the content of the document to Orton, and whether defense counsel

answered Orton's questions with respect to the document, all questions to which Orton

replied either "Yeah" or "Yes." RP at 4-5. The court asked whether Orton was entering

an *Alford* plea to second degree rape of a child domestic violence, second degree rape of

a child domestic violence, second degree rape of a child, and second degree child

molestation domestic violence. [4] Orton replied, "Yes." RP at 4-5. The court questioned

Orton as to whether he understood that, by pleading guilty, he was waiving his right to

appeal. Orton replied, "Yes." RP at 4-5. After questioning Orton, the court found his

plea to have been voluntarily, intelligently, and knowingly made. The court accepted the

plea on the record. In addition to the colloquy, by signing the agreement, Orton attested

to reading and understanding all of the information therein.

We conclude the record sufficiently shows Orton knowingly, intelligently, and

voluntarily pleaded guilty to the crimes outlined in the statement of defendant on plea of

guilty as required by RCW 10.40.170 and CrR 4.2. While he did not specifically declare

---

[4] Orton declared he was pleading guilty to counts 1 through 5 outlined in the amended information filed under case number 91-1-00451-39. The trial court, however, failed to include count 2 when questioning Orton about whether he was pleading guilty to the crimes charged. Orton makes no argument on this specific omission. However, the plea paperwork fully encompassed all the counts he was pleading guilty to, and the record demonstrates Orton intended to enter a guilty plea to every count set forth in the plea statement.

"guilty" on the record, his "Yes" response was sufficient in light of the plea paperwork and the court's colloquy. Br. of Resp't at 21; RP at 5.

*Motion to Withdraw Guilty Plea and Right to Counsel*

Orton argues the court abused its discretion when it based its decision to deny his motion to withdraw his guilty plea on untenable reasons—the belief that he filed the motion to delay sentencing. The State argues the court did not abuse its discretion in denying the motion because, although the court voiced it was denying the motion in part because it perceived it to be filed for the purpose of delaying sentencing, the record demonstrates the court also based its decision on the lack of facts supporting an ineffective assistance of counsel claim. Orton further argues the court's decision not to appoint substitute counsel to argue the motion to withdraw amounted to a violation of his right to effective assistance of counsel. The State argues that the court did not err because Orton failed to support his claim with a factual basis.

This court reviews a trial court's decision on a motion to withdraw a guilty plea for an abuse of discretion. *State v. A.N.J.*, 168 Wn.2d 91, 109, 225 P.3d 956 (2010). "A trial court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons." *State v. Smith*, 137 Wn. App. 431, 436, 153 P.3d 898 (2007). Relevant to the instant issue, "[a] trial court's decision is based on untenable reasons when it is based on the wrong legal standard." *State v. Jeglum*, 8 Wn. App. 2d 960, 964-65, 442 P.3d 1 (2019).

10

"While generally the trial judge's decision on whether to allow a defendant to withdraw a guilty plea is reviewed for abuse of discretion, '[b]ecause claims of ineffective assistance of counsel present mixed questions of law and fact, we review them de novo.'" *A.N.J.*, 168 Wn.2d at 109 (quoting *In re Pers. Restraint of Fleming*, 142 Wn.2d 853, 865, 16 P.3d 610 (2001)).

A presentencing motion to withdraw a guilty plea is controlled by CrR 4.2(f), which provides:

> The court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice. If the defendant pleads guilty pursuant to a plea agreement and the court determines under RCW 9.94A.431 that the agreement is not consistent with (1) the interests of justice or (2) the prosecuting standards set forth in RCW 9.94A.401-.411, the court shall inform the defendant that the guilty plea may be withdrawn and a plea of not guilty entered. If the motion for withdrawal is made after judgment, it shall be governed by CrR 7.8.

Notably,

> [W]ithdrawal may be necessary to correct a manifest injustice where the defendant establishes (1) he or she received ineffective assistance of counsel; (2) the plea was not ratified by the defendant or one authorized by him or her to do so; (3) the plea was involuntary; or (4) the plea agreement was not kept by the prosecution. The defendant generally bears the burden of establishing the necessity for withdrawing the plea.

*State v. Quy Dinh Nguyen*, 179 Wn. App. 271, 282-83, 319 P.3d 53 (2013). A defendant seeking to prevail on a claim of ineffective assistance of counsel must show (1) that defense counsel performed deficiently, and (2) that defense counsel's deficient

11

performance prejudiced the defendant. *State v. Bertrand*, 3 Wn.3d 116, 122, 546 P.3d

1020 (2024); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d

674 (1984). To satisfy the first requirement, a defendant must show "that counsel made

errors so serious that counsel was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment [to the United States Constitution]." *Bertrand*, 3

Wn.3d at 122. To satisfy the second requirement, a defendant must establish "that

counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose

result is reliable." *Strickland*, 466 U.S. at 687. Importantly, both requirements must be

met for a defendant to prevail on their claim of ineffective assistance of counsel.

Orton relies on *State v. Harell*, 80 Wn. App. 802, 803, 911 P.2d 1034 (1996), to

argue the trial court abused its discretion in denying his motion to withdraw. In *Harell*,

Paul Harell pleaded guilty to three counts of rape before later seeking to withdraw his

guilty plea on the basis of ineffective assistance of counsel during the plea stage. At the

hearing on the motion, Harell's attorney refused to argue the motion. The trial court

entered an order waiving the attorney-client privilege between defense counsel and

Harell, which permitted defense counsel to testify. The court denied Harell's motion

upon determining defense counsel did not provide ineffective assistance of counsel

during the plea stage. Harell appealed the court's denial of his motion to withdraw his

guilty plea to this court.

This court, in *Harell*, wrote that a hearing to withdraw a guilty plea is a critical stage in a criminal prosecution, and defendants have a constitutional right to appointed counsel at such a critical stage. 80 Wn. App. at 804. Similar to the State's argument here, the State in *Harell* asserted that Harell did not make a preliminary showing that would have warranted consideration and a hearing on his motion to withdraw. In recognizing that fact, this court acknowledged that the State neither assigned error to the trial court's decision to hold a hearing on the motion, nor did the State argue the court abused its discretion in electing to hold a hearing. "Implicit in the trial court's decision to hold a hearing is a finding that sufficient facts were alleged to warrant a hearing." *Id.* at 804. For these reasons, this court deemed it unnecessary to "determine the degree of specificity required to be shown by a defendant who seeks to withdraw his plea based upon alleged ineffectiveness of counsel, before the right to counsel attaches and a hearing is required." *Id.* at 804-05. We held that "[b]ecause the hearing on Harell's motion to withdraw his guilty pleas was a critical stage of the prosecution, and was held without the assistance of counsel or a valid waiver of the right to counsel, Harell's right to counsel was violated." *Id.* at 804. Orton argues that, like in *Harell*, he was entitled to counsel for his motion because the hearing was a critical stage in the proceedings.

While the *Harell* case is helpful, we find that the unpublished cases on which the

State relies, *State v. Glass*[5] and *State v. Mittelstaedt*[6] are more on point with the instant appeal.

In *Glass*, Michael Glass pleaded guilty to two counts of felony violation of a domestic violence court order, two counts of fourth degree assault, and one count of first degree unlawful possession of a firearm. At his sentencing hearing, Glass moved pro se to withdraw his guilty pleas on the basis of ineffective assistance of counsel and sought appointment of substitute counsel. He filed two letters with the court on the issue. The court continued the sentencing hearing to review the letters and determine whether Glass established a prima facie case that called for an evidentiary hearing on his motion. The court ultimately denied the motion and Glass's request for the appointment of new counsel. Glass filed a third letter seeking reconsideration of the court's ruling on his motion. Glass's continued sentencing hearing took place within days of the filing of the third letter. At the continued sentencing hearing, Glass filed a fourth letter with the court in which he again requested that he be allowed to withdraw his plea. The court denied that request and sentenced Glass. Glass appealed his sentence to this court, arguing the trial court erred in denying his motion to withdraw and his request for the appointment of

---

[5] No. 71493-7-I (Wash. Ct. App. Mar. 2, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/714937.pdf.

[6] No. 45735-1-II (Wash. Ct. App. Apr. 14, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/457351.pdf.

new counsel.

In analyzing the parties' arguments, this court noted:

As to Glass's assertion the court erred by not appointing new counsel to represent him on his motion to withdraw his guilty plea, he presented the trial court with nothing more than mere allegations. He failed to make the required threshold showing that his plea was not valid based on trial counsel's alleged deficient performance. . . .
The court is not required to appoint new counsel when it has evaluated the defendant's claim and determines it is baseless.

*Glass*, slip op. at 14-15.

After analyzing the parties' arguments, this court concluded that "[b]ecause Glass fails to establish either deficient performance by his trial counsel or prejudice resulting from counsel's alleged deficiencies, the trial court acted well within its discretion by denying Glass' motions for new counsel and to withdraw his plea of guilty." *Id.* at 15.

In *Mittelstaedt*, Matthew Mittelstaedt pleaded guilty to six counts of assault in the third degree and one count of child rape in the third degree. After the plea hearing and before sentencing, Mittelstaedt filed a motion seeking to withdraw his guilty plea on the basis of ineffective assistance of counsel and requesting the appointment of substitute counsel. At the sentencing hearing, defense counsel brought Mittelstaedt's motion to withdraw to the court's attention. Defense counsel explained that he advised Mittelstaedt to write out the reasons for which he sought the withdrawal of his guilty plea and, after reviewing that written statement, defense counsel informed the court he could not support the withdrawal of Mittelstaedt's guilty plea. The sentencing court gave Mittelstaedt the

15

opportunity to speak on his motion. After considering Mittelstaedt's arguments and the

States response, the sentencing court denied Mittelstaedt's motion and his request for the

appointment of new counsel. Mittelstaedt appealed the denial of his motion to this court,

arguing that the sentencing court erred in denying his motion without first appointing

new counsel. Like Orton, Mittelstaedt relied on *Harell*, to support his argument.

In addressing Mittelstaedt's arguments on appeal, this court distinguished *Harell*:

> Unlike in *Harell,* here the trial court determined that Mittelstaedt had not alleged sufficient facts to warrant an evidentiary hearing on his withdrawal motion. The trial court acted within its discretion in determining that an evidentiary hearing was not required. Although Mittelstaedt's pro se motion alleged that his 'decision to plead guilty was based on the opportunity to get out of prison vs. never getting out, as the situation was presented by defense counsel,' his motion did not explain how defense counsel was deficient in presenting that situation to him. Similarly, Mittelstaedt failed to explain how his defense counsel's alleged remark to him that counsel would 'run a clean case' had pressured him into accepting the State's plea offer.

*Mittelstaedt*, slip op. at 6-7.

This court held that "[b]ecause the trial court acted within its discretion when it

determined that Mittelstaedt's allegation of ineffective assistance lacked merit, it properly

declined to hold an evidentiary hearing on his motion to withdraw his guilty plea."

 *Id.* at 8.

Although one of the reasons the sentencing court gave as to why it denied Orton's

motion to withdraw his plea and his request for appointment of substitute counsel was its

perception that the motion was an attempt to further delay sentencing, the court also

16

based its denials on Orton's failure to offer anything "by way of facts to this court which would suggest that [his] pleas of guilty entered on March 8, 2024, should be withdrawn." RP at 53.

We concluded that the sentencing courts in *Glass* and *Mittelstaedt* properly exercised their discretion in determining the defendants' motion to withdraw were not supported by sufficient facts. It follows that the court did not abuse its discretion here in denying Orton's motion to withdraw based on the limited accusations in Orton's letter, and the court did not violate Orton's right to the effective assistance of counsel by declining to appoint new counsel.

*Statement of Additional Grounds for Review*

Orton puts forth two additional grounds for our review regarding allegations his attorney was ineffective. However, each assertion is brief, and Orton does not cite the record or to legal authority to support his arguments. Although RAP 10.10(c), the rule governing a defendant's statement of additional grounds on appeal, does not require reference to the record, the rule also provides that "the appellate court is not obligated to search the record in support of claims made in a defendant's statement of additional grounds." We decline to review Orton's statement of additional grounds, thereby allowing him to more fully develop the record if he wishes to raise these arguments in a personal restraint petition.

17

CONCLUSION

We conclude Orton knowingly, intelligently, and voluntarily pleaded guilty in open court. We further conclude the court did not abuse its discretion by denying Orton's motion to withdraw his guilty plea and did not violate Orton's right to the effective assistance of counsel by declining to appoint him substitute counsel to argue the motion to withdraw his guilty plea.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Hill, J.

WE CONCUR:

_____          _____
Cooney, A.C.J.                              Murphy, J.